

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 31, 1957

Hon. Robert S. Calvert      Opinion No. WW-212
Comptroller of Public Accounts
Capitol Station      Re: Whether or not a parti-
Austin, Texas         cular manner of issuing
                               cigarette permits for
                               cigarette vending machines
                               would be permissible under
                               the provisions of the
Dear Mr. Calvert:          Cigarette Tax Law

Your opinion request dated July 17, 1957, is as follows:

> "Quoted below is an outline of the procedure that certain cigarette vending machine operators would like to follow in regard to their cigarette permits:
>
> "'During the past several years we have noted an increasing number of cigarette machines staying in our shop not selling cigarettes and have given some thought about decreasing the cost of the permits for these machines.
>
> "'We desire to use a plan whereby the cigarette dealers permit will be identified by a machine cabinet number which we will place on a metal tag and attach to each machine on location selling cigarettes. We feel that the inspection of a machine can be made more readily in that the corresponding machine number will be placed on the outside of a machine cabinet in plain view rather than using the unit number which often is not in view until the cabinet door has been opened. We feel that by using this plan we will not have to handle the permits nearly as much as before, thereby reducing the chances of losing or misplacing.

"'We plan to replace the old permits coming due each month with permits carrying our new machine cabinet numbers. For until the machine is placed on location at which time we will request a permit with a new machine cabinet number.

"'Rather than requesting duplicate permits for all of our cigarette machines with the new cabinet numbers at one time, we plan to renew the old permits coming due each month with permits carrying the new cabinet numbers for only machines on location selling cigarettes. Thus after one year we will have all machines on location numbered with a cabinet number and a corresponding cigarette dealers permit attached. Our machines not on location and not selling cigarettes will not have a cabinet number or a cigarette dealers permit until such time as they be placed on location to sell cigarettes. When we take a machine to a location to sell cigarettes we will place a cabinet number and a corresponding permit on the machine. By not having to purchase permits for the machines not on location, we expect to save a considerable sum of money.'"

If we understand your request correctly, you want us to advise you upon the question which we state as follows:

May a Retail Dealer of cigarettes selling and distributing by vending machines transfer a Retail Dealers Permit which has been issued for the operation for a particular vending machine to another machine without taking out a new permit.

We are concerned here only with Retail Dealers, Retail Dealers Permits and vending machines.

Suc-Sec. d of Section 1 of Art. 7047 c -1 Vernon's Civil Statute defines a place of business as follows:

"'Place of Business' is construed to mean and include any place where cigarettes are sold or where cigarettes are stored or

kept for the purpose of sale or con-
sumption; or if sold from any vehicle,
train, or cigarette vending machine,
the vehicle, train or cigarette vending
machine on which or from which such
cigarettes are sold shall constitute a
place of business." (Emphasis added)

Sub-sec. o of Section 1 of Art. 7047c-1 V.C.S.,
defines a Retail Dealer as follows:

"'Retail Dealer' shall mean and in-
clude every person other than a distributor
or wholesale dealer who shall sell, dis-
tribute, or offer for sale or distribution
or possess for the purpose of sale or dis-
tribution, cigarettes irrespective of
quantity or amount or the number of sales
or distributions; and it shall also mean
and include every person other than a dis-
tributor or wholesale dealer who distributes
or disposes of cigarettes in unbroken indi-
vidual packages or in quantities of ten (10)
or more as gifts or prizes or in any other
manner of distribution or disposal where no
sale is involved."

It is, therefore, quite apparent that a cigarette
vending machine is within the statutory definition a "place
of business" and that each separate machine is a separate
place of business.

Sec. 4 of Article 7047c-1, V.C.S., provides in part
as follows:

"Every retail dealer in this State
now engaged or who desires to become en-
gaged, in the sale or use of cigarettes
upon which a tax is required to be paid,
shall, within thirty (30) days from the
date this law becomes effective, file with
the Comptroller an application for a
cigarette permit as a retail dealer, said
application to be accompanied by a fee of
Five ($5.00) Dollars.

Each vending machine must have a serial number as
provided in Section 4 as follows:

"If the application is for a permit
to sell cigarettes from or by means of a
cigarette vending machine, train, automo-
bile or other vehicle, the serial number
of said vending machine, the make, motor
number and State highway license number
of said automobile or other vehicle and
the name of the railway company and number
of said train shall be shown on the appli-
cations."   (Emphasis added)

The manufacturer's serial number on vending machines
is the only means of identification of the particular vend-
ing machine and we think by referring to the serial number
in the statute evidences a legislative intent that no
transfer of a permit is permissible from one vending
machine to another bearing a different serial number.
Clearly, the manufacturers serial number may not be changed,
and by the same reasoning the permit granted for the oper-
tion of a particular vending machine may not be transferred
to another bearing a different serial number.

No where in the statute is there definite authori-
zation for the transfer or assignment of permits once is-
sued by the Comptroller; nor is there justification for
concluding that it is reasonably inferred.  On the other
hand there is a definite prohibition against assignments,
for the statute specifically says in Section 4 that upon
the receipt of the application for the permit ". . . the
comptroller shall issue to every distributor, wholesale
dealer or retail dealer for the place of business desig-
nated, a non-assignable consecutively numbered permit,
designating the kind of permit and authorizing the sale
of cigarettes in this State."  Each permit is issued for
a period of 12 months and must be renewed every 12 months.

Suppose a Retail Dealer operated 4 drug stores
each with a Retail Dealer's Permit to sell and distribute
cigarettes.  Each one would be a separate place of business
and would require separate permits.  The statute would not
authorize the transfer of the permit of one store to
another.  The same would apply to four vending machines,
if owned and operated by the same Retail Dealer, for each
vending machine is as distinctively a separate place of
business as each store would be.

You are, therefore, advised that the answer to the
question which we have stated is in the negative.  Once a
permit is issued for a particular vending machine which

is serially numbered it may not be changed by transfer or assignment to another machine even though all of the machines are owned and operated by the same Retail Dealer.

## S U M M A R Y

The permit issued by the Comptroller for the sale and distribution of cigarettes by a Retail Dealer making sale and distribution by vending machines may not be transferred from one vending machine to another.  Each vending machine must bear the manufacturer's serial number and is under the statute a separate place of business and a permit granted for the operation of a particular vending machine bearing a definite serial number may not be transferred to another machine with a different serial number.

Yours very truly

WILL WILSON
Attorney General

By L. P. Lollar
   Assistant

LPL;fb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

W. V. Geppert

Wallace Finfrock

B. H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:   George P. Blackburn